On February 3, 1989, claimant and her daughter were travelling on State Route 52, near Welch, in McDowell County. As claimant entered an area of the road known as "Premier Cut", rocks began falling from the overhanging cliff and struck claimant's 1976 Chevrolet Monte Carlo. Claimant momentarily lost control of her vehicle, but testified that she "got the car braked without running into anything." The rock fall, however, dented and scratched the vehicle. A Chevrolet dealership estimates repairs to cost $661.23, the amount for which this claim is brought. Claimant testified that she 'drives this area very often," and has "driven it all her life." She further testified that "rocks in the road" in the area of her accident were frequently seen. However, claimant did not notify respondent of prior rock slides, only the present one.
Respondent avers that claimant's accident was caused by an act of nature over *142 which it has no control. Respondent's witness, an assistant McDowell County road supervisor, testified that 'nobody had complained about falling road in the (accident) area." However, he said that "rock does fall quite often (there)" and no signs warning of this danger have been installed.
The case law governing liability for rock falls permits a finding of negligence against respondent, when "it has ben demonstrated that respondent knew or should have known that a particular area of highway was dangerous because of frequent rock slides, and adequate precautions to remove the hazard or warn motorists were not taken. Hammond v. Dept. of Highways, 11 Ct. Cl. 234 (1977). This Court has additionally held that "the lack of falling rock signs does not make the State liable, without convincing evidence of such a hazard. Dallas Howard Jude v. Dept. of Highways, 13 Ct. Cl. 28, (1979).
Conversely, claimant testified that she was aware that rock falls occurred in the described area, and had seen rocks in and along the road-side prior to her accident. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the rock fall, it must have had either actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). It appears to this Court that the requisite notice was not provided to respondent. Therefore, the Court is of the opinion to and does deny this claim.
Claim disallowed.